RECEIVED
USDC CLERK, CHARLESTON, SC

2007 JAN -3 P 2: 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Lorenzo Robinson, #235104, | ) ) ) | C. A. No. 2:06-1288-SB-RSC |
| Plaintiff, | ) ) | |
| -versus- | ) ) | **REPORT AND RECOMMENDATION** |
| SC Department of Public Safety, Highway Patrol; and Joseph Franklin Clipse, in his individual and official capacity, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) with appended state law claims brought by Tyrone Lorenzo Robinson, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on cross motions for summary judgment. 28 U.S.C. § 636(b).

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

The plaintiff filed this action on April 24, 2006,[2] against Defendants South Carolina Department of Public Safety, Highway Patrol, and Officer Joseph Franklin Clipse, in his official and individual capacities, and alleged violations of his Fifth and Fourteenth Amendment rights.  In support for his claims, the Plaintiff alleges that Clipse committed perjury, forgery and numerous violations of South Carolina civil and criminal statutes.  Robinson seeks one hundred million dollars ($100,000,000.00) in damages.

**BACKGROUND**

Beaufort County Magistrate Charles L. Smith issued arrest warrants for Plaintiff on November 15, 2002, for Failure to Stop for a Blue Light, S.C. Code Ann. § 56-5-57, and Resisting Arrest-Magistrate Level, S.C. Code Ann. § 16-9-320(A), following incidents of November 14, 2002.  Defendant Clipse was the requesting officer.  After the warrants were issued, Clipse decided that the charge for Resisting Arrest-Magistrate Level under S.C. Code § 16-9-320(A) should be changed to Resisting Arrest-General Sessions Level under S.C. Code § 16-9-320(B).  Clipse went back before Magistrate Smith, and at the Magistrate's instruction Clipse lined through the words "magistrate level" and

---

[2] Plaintiff has been accorded the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his suit.

2

then placed his initials on the arrest warrant. The warrants were personally delivered to Plaintiff on November 18, 2002. This action concerns Clipse's actions in seeking to change the resisting arrest charge.

On January 13, 2003, a Beaufort County Grand Jury indicted Plaintiff on three charges: (1) Resisting Arrest-Assault on an Officer, S.C. Code Ann. § 16-9-320(B), Indictment Number 03GS07-0080; (2) Failure to Stop for a Blue Light, S.C. Code Ann. § 56-5-57, Indictment Number 03GS07-0079; and (3) Possession of a Stolen Vehicle, Indictment Number 03GS07-0063.

On May 12, 2003, a Beaufort County Court of General Sessions jury found Plaintiff guilty of Failure to Stop for a Blue Light and Possession of a Stolen Vehicle, but acquitted him on the Resisting Arrest charge. Plaintiff is presently incarcerated at the Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections, serving a cumulative ten year sentence for his convictions. State v. Robinson, 2003-GS-07-0063 and 2003-GS-07-0079 respectively.

## LITIGATION HISTORY

Although Plaintiff left unanswered questions about previous lawsuits on the court's prepared civil rights complaint form, Plaintiff has attempted to litigate a plethora of matters against persons and organizations concerning the incidents of November 14, 2002, in this court. The court may take judicial notice of

3

these previous actions. Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shop v. Bell & Howell, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); Days v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954). Here alone, he filed the following lawsuits, all based upon the same facts as the instant matter: Robinson v. Clipse, 9:03-cv-01366-SB, Robinson v. Beaufort County Sheriff's Office, et al, 2:06-cv-01602-SB, Robinson v. SC Department of Public Safety, et al, 2:06-cv-01492-SB, Robinson v. Murdaugh, et al, 2:06-cv-01289-SB, Robinson, et al v. S.C. Department of Public Safety Highway Patrol, 2:05-cv-03198-SB. Robinson has not succeeded in any suit to date. Indeed, he has had two "strikes" under the Prison Litigation Reform Act, 28 U.S.C. § 1915, entered against him for bringing litigation which was deemed frivolous and/or malicious.

There have been numerous filings in the instant case including dispositive motions by all parties. Plaintiff was provided copies of the defendants' motions and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed responses in opposition to the defendants' motions as well as a

4

cross-motion for summary judgment. Hence, it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is

not sufficient to defeat a summary judgment motion." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. <u>See</u>, <u>Anderson</u>, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. <u>Id.</u>, 477 U.S. at 252.

## STATUTE OF LIMITATIONS

The defendants asserted the defense of failure to file within the statute of limitations governing the action. Defendants argue that the complaint must be dismissed on that basis.

There is no federal statute of limitations for § 1983 actions, but the analogous state statute governing personal injury actions applies in federal section 1983 cases. <u>See</u>, <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). The statute of limitations for section 1983 causes of action arising in South Carolina is three years. <u>See</u>, S.C.Code Ann. § 15-3-530(5); <u>see also</u>, <u>Simmons v. South Carolina State Ports Auth.</u>, 694 F.2d 64 (4th Cir. 1982) (citing to previous version of statute). Under South Carolina Code § 15-3-535, "the statute of limitations is

triggered not merely by knowledge of an injury, but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another." True v. Monteith, 327 S.C. 116, 120, 489 S.E.2d 615, 617 (1997)(professional malpractice case).

After reviewing plaintiff's complaint and attachments and the affidavits and memorandum submitted by defendants, it appears that Plaintiff's allegations are barred by the statute of limitations. Plaintiff alleges that Clipse initiated the change to the arrest warrant prior to when the altered warrant with the change was personally delivered to him on November 18, 2002. Then, on January 13, 2003, a Beaufort County Grand Jury indicted Plaintiff on the charge at issue here, along with the charges for which he was convicted.

Plaintiff had knowledge of the changes made by Clipse at least by November 18, 2002, when the altered warrant was served, and the three-year statute of limitations began to run on that date. Accordingly, the Plaintiff had until November 19, 2005, to file his complaint. His suit filed here on April 24, 2006, comes too late. It is simply not within the three-year statute of limitations, and therefore, his claim is time-barred.

Even if the court considered the limitations period to have begun when Plaintiff was indicted by the Grand Jury on January 13, 2003, for Resisting Arrest, S.C. Code Ann. § 16-9-320(B), the

7

suit is still time barred. At that point, the plaintiff had knowledge of the charges against him and the grand jury corrected any possible deficiencies in the warrant. The plaintiff, on January 13, 2003, knew that the indictment charged a violation of S.C. Code § 16-9-320(B). If the statute of limitations began to run on that date at the very latest, he had until January 14, 2006, to sue over it.

He missed that deadline as well. This action should be dismissed.

If the court accepts this report and recommendation, then the only original federal jurisdiction claim will be dismissed. 28 U.S.C. § 1367(c)(3) provides, "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) [providing for supplemental jurisdiction over all claims forming the same case or controversy] if the district court has dismissed all claims over which it has original jurisdiction ··· ·" The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715,

726-27, 86 S.Ct. 1130 (1966); <u>Revene v. Charles County Comm'rs</u>, 882 F.2d 870, 875 (4th Cir. 1989).

Therefore, it is also recommended that the court exercise its discretion to decline supplemental jurisdiction over the remaining state law claims and dismiss them without prejudice to their being filed in state court, thus ending the action here.

Lastly, six failed actions regarding these same facts in this court is quite enough. The instant action is wholly meritless and should be considered frivolous and malicious within the meaning of the Prison Litigation Reform Act and deemed Robinson's third strike thereunder.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motions for summary judgment be granted, that all other motions be deemed moot, that the court decline to exercise jurisdiction over the remaining state claims and dismiss them without prejudice, and this action be deemed Plaintiff's third "strike" under 28 U.S.C. § 1915A.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January __3__, 2007

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

10