IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Lorenzon Robinson,<br># 235104,<br><br>        Plaintiff,<br><br>v.<br><br>SC Department of Public Safety,<br>Highway Patrol; and Joseph<br>Franklin Clipse; in his individual<br>and official capacity,<br><br>        Defendants. | Civil Action No. 2:06-1288-SB<br><br>**ORDER** |



This matter is before the Court upon the *pro se* Plaintiff's complaint, alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation of the United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On January 17, 2006, the Plaintiff filed timely objections to the R&R.

## BACKGROUND

In the Plaintiff's complaint, he alleges that the named Defendants violated his Fifth and Fourteenth Amendment rights. Specifically, the Plaintiff asserts that Defendant Clipse, an employee of the South Carolina Department of Public Safety, Highway Patrol, committed perjury, forgery, and numerous other violations of South Carolina civil and criminal statutes, arising out of an incident that occurred on November 14, 2002.

On November 14, 2002, the Plaintiff and Defendant Clipse were involved in a high-speed automobile chase, and as a result of the events on November 14, Beaufort County Magistrate Judge Charles L. Smith issued arrest warrants for the Plaintiff on November 15, 2002, for failure to stop for a blue light, S.C. Code Ann. § 56-5-57, and resisting arrest-magistrate level, S.C. Code Ann. § 16-9-320(A). After Magistrate Smith issued the arrest warrants, Defendant Clipse realized that the charge for resisting arrest-magistrate level, S.C. Code Ann. § 16-9-320(A), should have been for resisting arrest-general sessions level, S.C. Code Ann. § 16-9-320(B). Therefore, according to Defendant Clipse's affidavit, he went back before Magistrate Smith, and at the Magistrate's instruction, Clipse lined through the words, "magistrate level" and then placed his initials on the arrest warrant. On November 18, 2002, the warrants were personally served on the Plaintiff.

Subsequently, on January 13, 2003, a Beaufort County Grand Jury indicted the Plaintiff on three charges: (1) resisting arrest-assault on an officer, S.C. Code Ann. § 16-9-320(B), Indictment Number 03GS07-0080; (2) failure to stop for a blue light, S.C. Code Ann. § 56-5-57, Indictment Number 03GS07-0079; and (3) possession of a stolen vehicle, Indictment Number 03GS07-0063.

On May 12, 2003, a Beaufort County Court of General Sessions jury found the Plaintiff guilty of failure to stop for a blue light and possession of a stolen vehicle, but the jury acquitted the Plaintiff on the resisting arrest charge.

The Plaintiff filed his original complaint in this matter on April 24, 2006.[1] Following his original filing, the Plaintiff filed numerous other letters and motions, including a motion for summary judgment on October 6, 2006.[2] On August 29, 2006, the Defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the Plaintiff's complaint is untimely. Then, on October 20, 2006, the Defendants filed a motion for summary judgment, again asserting that the Plaintiff's complaint is untimely, and also asserting that the Defendants are entitled to Eleventh Amendment immunity, and that Defendant Clipse is entitled to qualified immunity.

## STANDARD OF REVIEW

### I.  Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. Anderson v. Liberty



---

[1] It should be noted that the Plaintiff has filed the following *five* lawsuits arising out of the same incident, all of which have been unsuccessful: Robinson v. Clipse, C.A. No. 9:03-cv-01366, which was dismissed for lack of prosecution; Robinson v. SC Dep't of Public Safety, et al, C.A. No. 2:06-cv-01492, which was dismissed as identical to the present action; Robinson v. Murdaugh, et al, C.A. No. 2:06-cv-1289, which was dismissed on grounds of prosecutorial immunity and deemed "strike one" under 28 U.S.C. § 1915(g); Robinson v. Beaufort County Sheriff's Office, et al, C.A. No. 2:06-cv-01692, which was dismissed on the merits and deemed "strike two" under 28 U.S.C. § 1915(g); and Robinson, et al v. SC Dep't of Public Safety Highway Patrol, C.A. No. 2:05-cv-03198, which was dismissed on the merits.

[2] In all, the Plaintiff has filed more than 30 motions, letters, and requests, including, *inter alia*, a motion to arrest Defendant Clipse, several motions to amend, and several motions for evidentiary hearings.

Lobby, Inc., 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex, 477 U.S. at 327.

## II. Magistrate Judge's R&R

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. Id. After a review of the entire record, the

R&R, and the Plaintiff's objections, the Court adopts the R&R *only* to the extent that it is consistent with this Order.

## DISCUSSION

### I.    The Statute of Limitations

In both their motion to dismiss and their motion for summary judgment, the Defendants assert that the Plaintiff failed to file his complaint within the applicable statute of limitations. With respect to § 1983 actions, because there is no federal statute of limitations, the Supreme Court has held that the analogous state statute governing personal injury actions applies. See Wilson v. Garcia, 471 U.S. 261 (1985). In South Carolina, the statute of limitations for such causes of action is three years. See S.C. Code Ann. § 15-3-530. "Under § 15-3-535, the statute of limitations is triggered not merely by knowledge of an injury, but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another." True v. Monteith, 327 S.C. 116, 120, 489 S.E.2d 615, 617 (1997).

In the R&R, the Magistrate Judge concluded that the Plaintiff failed to file his complaint within the applicable three-year statute of limitations. The Magistrate Judge noted that the Plaintiff's claims arise out of an incident occurring on November 14, 2002, and more specifically, out of an allegedly illegal change made to the Plaintiff's arrest warrant, which was served on the Plaintiff on November 18, 2002. According to the Magistrate Judge, the Plaintiff had knowledge of the facts forming the basis for his claims at least by November

18, 2002, the date on which he was served with a copy of the altered warrant. This knowledge triggered the Plaintiff's three-year statute of limitations, giving the Plaintiff until November 19, 2005, to file his § 1983 complaint. And because the Plaintiff did not file his complaint until April of 2006, he does not satisfy the three-year statute of limitations.

Moreover, as the Magistrate Judge concluded, even if the Court determined that the limitations period was not triggered until the date when the Beaufort County Grand Jury indicted him, January 13, 2003, the Plaintiff's § 1983 complaint is still barred by the statute of limitations because it was not filed until almost five months after the date on which this later three-year period would have run.

In his objections to the R&R, the Plaintiff objects to the Magistrate Judge's calculation of the statute of limitations. Specifically, the Plaintiff argues that his complaint was timely filed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), because he was found not guilty of the charge of resisting arrest on May 13, 2003. The Plaintiff quotes the following sentence from Heck: "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." Id. at 2374. This sentence continues, "so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the sentence of conviction has been invalidated." Id. In Heck, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

6

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87.

Here, the Plaintiff does not seek relief for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." Id. This is so because the Plaintiff's claims all arise out of the allegedly improper alteration of his arrest warrant. Stated differently, the Plaintiff alleges that Defendant Clipse violated his constitutional rights when he changed the charge in his arrest warrant for resisting arrest from magistrate level, S.C. Code Ann. § 16-9-320(A), to general sessions level, S.C. Code Ann. § 16-9-320(B). But at trial, the jury acquitted the Plaintiff of the resisting arrest-general sessions charge, and therefore, the Plaintiff's claims, all having to do with the charge for resisting arrest, simply do not challenge the legality of his conviction or sentence. Thus, upon first glance, it seems that Heck v. Humphrey does not alter the Magistrate Judge's determination that the Plaintiff's complaint is barred by the statute of limitations.

However, giving the Plaintiff every benefit of the doubt, the Court recognizes that if in fact the Plaintiff has asserted a claim for malicious prosecution (with respect to the charge for resisting arrest general-sessions level), then he would be correct in his assertion that the statute of limitations would not begin to run until the proceeding terminated in his favor, or in other words, until the jury found him not guilty of this charge on May 13, 2003. Because

the Plaintiff filed his complaint in April of 2006, a claim for malicious prosecution would be timely. Thus, before dismissing the Plaintiff's complaint outright on timeliness grounds, the Court must determine whether the Plaintiff has asserted a claim for malicious prosecution, or more properly, a Fourth Amendment claim for unreasonable seizure which incorporates elements from the common law tort of malicious prosecution.

It is clear in the Fourth Circuit that there is no independent cause of action for malicious prosecution under § 1983. Rather, a "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000); see also Vanover v. Blendowski, 2006 WL 3513682, *6 (D.S.C. Dec. 5, 2006) (stating the same). For a plaintiff to state a § 1983 claim for malicious prosecution in relation to a seizure violative of the Fourth Amendment, the defendant(s) must have seized the Plaintiff "pursuant to legal process that was not supported by probable cause" and the criminal proceedings must have terminated in the Plaintiff's favor. Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996). Here, although the resisting arrest charge terminated in the Plaintiff's favor, the Court finds that the Plaintiff's complaint fails to establish that a seizure violative of the Fourth Amendment occurred, as the Plaintiff was not seized without probable cause.[3]



---

[3] Magistrate Charles L. Smith issued two arrest warrants for the Plaintiff on November 15, 2002, one for failure to stop for a blue light, S.C. Code Ann. § 56-5-57, and another for resisting arrest-magistrate level, S.C. Code Ann. § 16-9-320(A). Because

II.   **Eleventh Amendment Immunity and Qualified Immunity**

In addition to asserting that the Plaintiff's claims are barred by the statute of limitations, the Defendants also assert that they are entitled to immunity.

First, the Court recognizes that Defendant South Carolina Department of Public Safety, Highway Patrol is considered an arm of the state for Eleventh Amendment purposes, and therefore, it cannot be sued under § 1983. Stated differently, the South Carolina Department of Public Safety does not qualify as a "person" under § 1983, and therefore, it is not amenable to suit under § 1983. See South Carolina State Troopers Federation Local 13 IUPA AFL-CIO v. South Carolina Department of Public Safety, 112 Fed. Appx. 883, *885 (4th Cir. 2004) (unpublished) ("For Eleventh Amendment purposes, the Department of Public Safety is considered an arm of the State of South Carolina. Accordingly, it cannot be sued under Section 1983 . . . ."). As such, the Court finds Defendant South Carolina

---



Defendant Clipse realized that the charge for resisting arrest-magistrate level, S.C. Code Ann. § 16-9-320(A), should have been for resisting arrest-general sessions level, S.C. Code Ann. § 16-9-320(B), Defendant Clipse states that he went back before Magistrate Smith and lined through the words "magistrate level" at Magistrate Smith's instruction. All of the Plaintiff's claims revolve around the warrant charging resisting arrest; none of the Plaintiff's claims challenge his arrest warrant for failure to stop for a blue light.
  On November 18, 2002, both warrants were personally served on the Plaintiff, and on that same day, the Plaintiff appeared before Magistrate Smith, who set bond for both charges at $5,000.00. Even assuming that Defendant Clipse's alteration of the resisting arrest warrant countermanded the magistrate's finding of probable cause with respect to the resisting arrest charge (which the Court does not find in light of the facts and circumstances of the case, including Defendant Clipse's testimony that he altered the warrant at the instruction of the magistrate), the Plaintiff still cannot establish a seizure violative of the Fourth Amendment, as he was also arrested and placed on bond for failure to stop for a blue light, based on a valid arrest warrant supported by probable cause.

Department of Public Safety, Highway Patrol entitled to summary judgment.

Likewise, the Court recognizes that Defendant Clipse, a state official acting in his official capacity at the time of the events relevant to the Plaintiff's complaint, is not a "person" for purposes of actions under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 71 (1989). Therefore, insofar as he is sued in his official capacity, he too is entitled to summary judgment.

Next, in determining whether Defendant Clipse is also entitled to qualified immunity, the Court must consider two questions. First, the Court must determine whether, taken in the light most favorable to the party asserting the injury, the facts alleged show that the officer's conduct violated a constitutional right. Only if the answer to this question is yes does the Court need to consider the next question, which is to ask whether the right asserted was clearly established at the time of the events at issue. See Saucier v. Katz, 533 U.S. 194, 201 (2001). Only if the court answers both questions in the affirmative can a plaintiff defeat a defendant police officer's motion for summary judgment on qualified immunity grounds. Clem v. Corbeau, 284 F.3d 543, 549 (4th Cir. 2002).

Here, the Court agrees with the Defendants that the facts alleged, even taken in the light most favorable to the Plaintiff, do not show that the officer's conduct violated a constitutional right. As previously outlined, the Plaintiff's claims all revolve around the allegedly improper alteration of one of his arrest warrants. However, under the facts and circumstances of the case, the Court simply cannot find that such allegedly improper

alteration constitutes a constitutional violation, especially in light of the Court's determination that the Plaintiff's arrest did not constitute a seizure violative of the Fourth Amendment. However, even if the Court did consider the allegedly improper alteration to constitute a constitutional violation, the answer to the second question – whether the constitutional right was clearly established at the time of the conduct – would still be no. Stated simply, Defendant Clipse's alteration of the warrant at the direction of the Magistrate did not violate a constitutional right, and therefore, Defendant Clipse is entitled to qualified immunity.

In light of the foregoing, the Court grants the Defendants' motion for summary judgment. Because the Court dismisses the Plaintiff's only federal claim, the Court, in its discretion, declines to exercise supplemental jurisdiction over any remaining state law claims. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); Clark v. Brown, 861 F.2d 66, 68 (4 th Cir. 1988) (directing dismissal of state law claims on remand after holding that district court erred in failing to grant summary judgment to defendant in § 1983 claim on the basis of qualified immunity).

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that (1) the R&R is adopted only to the extent it is consistent with this Order; (2) the Defendants' motion for summary judgment is **GRANTED**; (3) the Plaintiff's motion for summary judgment is **DENIED**; (4) any remaining motions are **DEEMED MOOT**; and (5) any remaining state law claims are dismissed without prejudice.

Lastly, pursuant to 28 U.S.C. § 1915(g), the Court deems this action to be the Plaintiff's third "strike."[4]

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

March 15, 2007
Charleston, South Carolina

---

[4] As the Magistrate Judge states in his R&R, "six failed actions regarding these same facts in this court is quite enough. The instant action is wholly meritless and should be considered frivolous and malicious within the meaning of the Prison Litigation Reform Act and deemed the Plaintiff's third strike thereunder." (R&R at 9.)